United States District Court
Southern District of Texas
**ENTERED**
October 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-34698 |
| KP ENGINEERING, LP, *et al*., | § | CHAPTER 11 |
| | § | |
| Debtors, | § | DAVID R. JONES |
| | § | |
| | § | |

_____

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED | § | |
| CREDITORS OF KP ENGINEERING, LP | § | |
| AND KP ENGINEERING, LLC | § | |
| | § | |
| | § | CIVIL ACTION NO. H-20-3087 |
| Plaintiffs, | § | |
| | § | ADVERSARY NO. 20-03035 |
| VS. | § | |
| | § | |
| BRANDON T. STEELE, *et al*., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO
THE UNITED STATES DISTRICT COURT TO WITHDRAW THE
REFERENCE OF AN ADVERSARY PROCEEDING**

Ric Steele, Ken Baxter, and Tony Freeman, the defendants and counter-plaintiffs in Adversary Proceeding No. 20-3035, moved to withdraw the reference or to sever and withdraw the reference. The Bankruptcy Court recommended that the District Court withdraw the reference for trial only. This court agrees.

KP Engineering, LP and its affiliate, KP Engineering, LLC, filed a voluntary Chapter 11 petition in August 2019. An order for joint administration was entered. (Docket Entry No. 39, Case No. 19-34698). In June 2020, the Bankruptcy Court confirmed KP's third amended joint Chapter 11 plan of reorganization. (Docket Entry No. 575, Case No. 19-34698). In February

2020, the Official Committee of Unsecured Creditors initiated the adversary proceeding against ten former affiliates and insiders to recover alleged preferential and fraudulent transfers totaling approximately $100 million. (Docket Entry No. 1).  Under the Plan terms, the Liquidating Trustee is the proper plaintiff in the adversary proceeding.

The defendants timely requested a jury trial and did not file proofs of claim in the main bankruptcy case.  The defendants did not consent to a trial before the Bankruptcy Court.  Ken Baxter, Ric Steel, and Tony Freeman moved to withdraw the reference, and the remaining defendants joined the motion.  The primary basis is the right to a jury trial.

The Liquidating Trustee responded that he does not contest the defendants' right to a jury trial before the District Court, but he also explained why pretrial matters should remain before the Bankruptcy Court.

The Bankruptcy Court heard the motions in August 2020.  All parties agreed that the reference must be withdrawn because of the jury-trial right.  The parties disputed when the reference should be withdrawn.

The defendants timely requested a jury trial and do not consent to a jury trial before the Bankruptcy Court.  The claims are predominantly legal claims, and remedies sought by the Liquidating Trustee are legal in nature.  The defendants have not filed proofs of claim in the underlying bankruptcy case, and at least one of the defendants is entitled to a jury trial.  Because no defendant consents to a jury trial before the Bankruptcy Court, withdrawal of the reference is required under 28 U.S.C. § 157(d).

In view of the nature of the claims asserted by the Liquidating Trustee, the Bankruptcy Court's familiarity with the case, and the predominance of bankruptcy issues, this court adopts the

Bankruptcy Court's recommendation that it handle pretrial matters. The reference is withdrawn for trial only. All pretrial matters remain with the Bankruptcy Court.

SIGNED on October 7, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge